No. 22-4087

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Kane County, Utah**
*Plaintiff-Appellee*

**The State of Utah**
*Plaintiff-Intervenor-Appellee*
v.
**The United States of America**
*Defendants-Appellees*

**Southern Utah Wilderness Alliance *et al.***
*Defendants-Intervenors-Appellants*

On Interlocutory Appeal from the
United States District Court, District of Utah
The Honorable Clark Waddoups
District Court Case No. 2:10-cv-1073

# APPELLEES STATE OF UTAH AND KANE COUNTY, UTAH'S RULE 35(c) PETITION FOR INITIAL EN BANC HEARING

Shawn T. Welch
Michelle Quist
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
(801) 799-5800
stwelch@hollandhart.com
mlquist@hollandhart.com
*Attorneys for Appellee Kane County, Utah*

Sean D. Reyes
Utah Attorney General
Anthony L. Rampton
Kathy A. F. Davis
K. Tess Davis
Assistant Attorneys General
1594 West North Temple, Ste. 320
Salt Lake City, Utah 84116
(801) 554-5734
*Attorneys for the State of Utah*

Dated: February 3, 2023

# TABLE OF CONTENTS

**PAGE**


PETITION ........................................................................................ 1

BACKGROUND ................................................................................... 3

LEGAL STANDARDS AND ARGUMENT ............................................... 5

I. LEGAL STANDARD FOR EN BANC RELIEF. .............................. 5

II. EN BANC REVIEW IS APPROPRIATE IN THIS CASE. ............. 7

A. The Tangled History of Contradictory Panel and En Banc Decisions Confuse Intervention Analysis at the District Court Level. ............................................................ 7

B. Intervention is an Issue Of Exceptional Importance In This Circuit Even Outside Of The Context Of Quiet Title Suits. ...................................................................... 9

C. This Case Also Involves Questions of Standing and Other Issues of Exceptional Importance. ............................ 10

III. CONCLUSION ........................................................................... 13

CERTIFICATE OF COMPLIANCE ....................................................... 14

CERTIFICATE OF DIGITAL SUBMISSION ......................................... 15

CERTIFICATE OF SERVICE ............................................................... 16

## TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Barnes v. Sec. Life of Denver Ins. Co.*,
953 F.3d 704 (10th Cir. 2020) ..... 9, 10

*Burlington N. & Santa Fe Ry. Co. v. Burton*,
270 F.3d 942 (10th Cir. 2001) ..... 2

*Kane County, Utah (1) v. United States*,
597 F.3d 1129 (10th Cir. 2010) ..... passim

*Kane County, Utah (1) v. United States*,
Appeal No. 13-4108 (10th Cir. September 2, 2014) ..... passim

*Kane Cnty. (1) v. United States*,
928 F.3d 877 (10th Cir. 2019) ..... passim

*Kane Cnty. v. United States*,
950 F.3d 1323 (10th Cir. 2020) ..... passim

*Kane County (1) v. United States*,
2022 U.S. Dist. LEXIS 100974 (D. Utah June 6, 2022) ..... passim

*Kowalski v. Tesmer,*
543 U.S. 125, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) ..... 11

*San Juan Cnty. v. United States*,
503 F.3d 1163 (10th Cir. 2007) ..... passim

*Town of Chester, N.Y. v. Laroe Ests., Inc.*,
137 S. Ct 1645 (2017) ..... 6

## STATUTES AND RULES

28 U.S.C. § 2409 ..... 11

Fed. R. App. P. 27 ..... 14

Fed. R. App. P. 32 ..... 14

Fed. R. App. P. 35 ..... 1, 5, 8, 14

Fed. R. Civ. P. 1 .......................................................................................... 12

Fed. R. Civ. P. 24 ..........................................................................................passim

## OTHER AUTHORITIES

Quiet Title Act.......................................................................................... 1, 11

## PETITION

Pursuant to Federal Rule of Appellate Procedure 35(c), Plaintiff-Appellees the State of Utah ("State") and Kane County, Utah ("County") hereby request that this appeal be heard en banc in the first instance on the grounds that "the proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 35(b)(1)(B). En banc consideration is also "necessary to [] maintain uniformity [in] the court's decisions." *Id.* 35(b)(1)(A).

Appellant SUWA[1] claims that under this Court's decision in *Kane Cnty. (1) v. United States*, 928 F.3d 877 (10th Cir. 2019), district courts are now obligated to grant intervention as of right in the numerous Quiet Title Act roads cases currently pending in this Circuit, including in this appeal. SUWA argues that "this Court's decision [in *Kane Cnty. (1)*] is binding on district courts in the Circuit" and ***requires*** that courts grant SUWA intervention in every case in every district regardless of circumstances. (SUWA Opening Br. at 4.)

[1] Appellants are the Southern Utah Wilderness Alliance, the Wilderness Society, the Grand Canyon Trust, and the Sierra Club (collectively "SUWA").

In 2007, this Court, sitting en banc, denied SUWA's attempt to intervene in a road quiet title suit. *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1197 (10th Cir. 2007) ("*San Juan Cty.*"). In 2010, a unanimous panel of this Court denied SUWA's intervention in *Kane County, Utah (1) v. United States*, 597 F.3d 1129 (10th Cir. 2010) ("*Kane Cnty. (1)* 2010"). In 2014, a panel of this Court issued an unpublished order denying SUWA's renewed motion to intervene on appeal in *Kane County, Utah (1) v. United States*, Order in Appeal No. 13-4108 (10th Cir. September 2, 2014) ("*Kane Cnty. (1)* App. 2014"). Thus, this Court has denied SUWA's attempts to intervene in quiet title road suits three out of four times, including once en banc.

Now, however, SUWA contends that *Kane Cnty. (1)* is binding law requiring intervention in every instance. Of course, Tenth Circuit precedent confirms that one panel cannot overrule another panel; nor may a panel overrule an en banc ruling. *See Burlington N. & Santa Fe Ry. Co. v. Burton*, 270 F.3d 942, 947 (10th Cir. 2001) (citation omitted). And, in fact, the divided panel in *Kane Cnty. (1)* did not purport to overrule any of three prior decisions.

Thus, it is true that *Kane Cnty. (1)* is binding law in the Tenth Circuit. But it is equally true that *San Juan Cnty.*, *Kane Cnty. (1)* 2010, and *Kane Cnty. (1)* App. 2014, are, while inconsistent on allowing SUWA intervention, also binding.

Recognizing that intervention decisions are "highly fact-specific," *San Juan Cnty.*, 503 F.3d at 1197, the complicated, repeated, and inconsistent results in the Tenth Circuit demonstrate that this appeal presents questions of exceptional importance ripe for consideration by the full Court, and en banc review in the first instance is appropriate.

## **BACKGROUND**

In 2022, the district court denied SUWA's motion to intervene for the reasons stated in *Kane County (1) v. United States*, 2022 U.S. Dist. LEXIS 100974 (D. Utah June 6, 2022) ("*Kane Cnty. (1) 2022*"), and outlined in the contemporaneous appellate briefs. SUWA now pursues this appeal based on the argument that this Court's decision in *Kane Cnty. (1)* is now settled, controlling law and SUWA must be granted intervention as of right.

In *Kane Cnty. (1)*, this Court affirmed the district court's denial of intervention twice before a divided panel allowed SUWA to intervene on

its third attempt, ostensibly on the remaining issue of the scope of three R.S. 2477 rights-of-way. 928 F.3d at 883. Then-Chief Judge Tymkovich dissented on grounds that SUWA lacked standing, that the repeated motions to intervene should be considered to be motions to reconsider, and that the district court "did not abuse its discretion in denying SUWA's motion to intervene under Rule 24(a)." *Id.* at 906 (Tymkovich, C.J., dissenting).

This Court then deadlocked five to five on a petition for en banc rehearing in a published opinion. *Kane Cnty. v. United States*, 950 F.3d 1323 (10th Cir. 2020). The Supreme Court of the United States denied the United States' and the State of Utah and Kane County's petitions for certiorari. *See Kane Cnty. v. United States*, 141 S. Ct. 1283 (2021); *United States v. Kane Cnty.*, 141 S. Ct. 1284 (2021).

As it stands, *San Juan Cnty.*, *Kane Cnty. (1)* 2010, *Kane Cnty. (1)* App. 2014, and *Kane Cnty. (1) 2019*, are all binding, yet inconsistent, law in the Tenth Circuit, and excerpts of the published decisions have been cited in support of, or against, one aspect of intervention or the other in various district court orders throughout the Circuit.

The convoluted state of the law is further shown by SUWA's own subtle request that Tenth Circuit case law be changed to allow SUWA to litigate ***title***. (SUWA Br. at 14.) The divided panel in *Kane Cnty. (1) 2019* allowed SUWA to intervene only as to scope, but SUWA now asks that it be allowed to "intervene as of right in this case, as to both scope and title." (SUWA Br. at 2.) SUWA filed at least two district court motions to intervene in *Kane County (1)* and five motions to intervene in *Kane County (2)*. *See Kane Cnty.*, 2022 U.S. Dist. LEXIS 100974, at *14 n.3, n.4. "Answering the same question repeatedly drains the court's [and parties'] resources." *Id.* at *17 n.6.

## <u>LEGAL STANDARDS AND ARGUMENT</u>

The inconsistency in this Court's prior intervention decisions and the exceptional importance of these issues warrants en banc review in the first instance.

### I. LEGAL STANDARD FOR EN BANC RELIEF.

Fed. R. App. P. 35(c) provides that a "petition that an appeal be heard initially en banc must be filed by the date when the appellee's brief is due." *Id.* In general, an en banc hearing is "not favored and ordinarily will not be ordered unless: (1) en banc consideration is

necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. R. (35)(a). Additionally, this Court's rules note that "[e]n banc review is an extraordinary procedure intended to focus the entire court on an issue of exceptional public importance." 10th Cir. R. 35.1. As discussed below, this case meets both elements of the en banc relief standards.

There is little case law determining what this Court will consider in deciding whether to grant en banc review. The rule allows a great deal of discretion. To be sure, this Court did grant en banc review in *San Juan Cnty.* when it determined that SUWA did not have a right to intervene. There, the Court noted that it granted en banc review "to resolve difficult issues concerning intervention under Fed. R. Civ. P. 24." *San Juan Cnty.*, 503 F.3d at 1167.

Those "difficult issues" persist today. Indeed, they are exacerbated by changes in intervention law[2] and SUWA's insistence on attempting to intervene in every roads case and appealing every denial decision.

---

[2] *See Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct 1645, 1648 (2017) (addressing standing to intervene).

The Court has every incentive to lay these issues to rest with an initial en banc review at the outset of this appeal in order to comprehensively decide these recurring, fundamental questions.

## II. EN BANC REVIEW IS APPROPRIATE IN THIS CASE.

En banc review is appropriate because intervention case law in this Circuit is both inconsistent and involves questions of exceptional importance.

### A. The Tangled History of Contradictory Panel and En Banc Decisions Confuse Intervention Analysis at the District Court Level.

As already noted, this Court, sitting en banc, first denied SUWA intervention because SUWA "failed to overcome the presumption that its interest was adequately represented by the Federal Defendants." *San Juan Cnty.*, 503 F.3d at 1167. Then, in *Kane County (1)*, this Court affirmed denial of intervention at least twice[3] before—in an outlier decision—a divided panel allowed intervention on SUWA's third attempt in the same case. *Kane Cnty. (1)*, 928 F.3d at 883. Then-Chief Judge Tymkovich's robust dissent on standing, standard of review, and

---

[3] *See Kane County, Utah (1) v. United States*, 597 F.3d 1129 (10th Cir. 2010); *Kane County, Utah (1) v. United States*, Order in Appeal No. 13-4108 (10th Cir. September 2, 2014).

Rule 24 elements provide relevant guidance to the Court's en banc consideration here. *See Kane Cnty. (1)*, 928 F.3d at 897 (Tymkovich, C.J., dissenting).

Thus, there have been at least three separate intervention decisions in this Court denying intervention—including an en banc decision—and one decision allowing intervention that SUWA now insists is this Court's mandate. The State and County maintain that these inconsistent decisions are partially the result of "fact-specific" (*San Juan Cnty.*, 503 F.3d at 1197) issues, and the lack of clear, comprehensive authority regarding standing, interests for purposes of intervention, and adequate representation.

Given the number of years this Court has been wrestling with the intervention question with regard to SUWA and these roads cases, as well as the convoluted state of the law with respect to intervention analysis, initial en banc consideration in this case is warranted. Accordingly, this Court should grant en banc review in the first instance under Rule 35(c) so that this Court may harmonize the disparate and conflicting Tenth Circuit precedent governing intervention in quiet title suits.

### B. Intervention is an Issue Of Exceptional Importance In This Circuit Even Outside Of The Context Of Quiet Title Suits.

Intervention is an issue of exceptional importance in this Circuit even beyond the circumstances of quiet title suits. While this Court previously noted that the current meaning of Rule 24 "continues to bedevil the courts" within the context of quiet title suits, *San Juan Cnty.*, 503 F.3d at 1190, the meaning of intervention rules outside of quiet title suits also plagues the Court.

Indeed, Judge Hartz more recently lamented that the courts still lack guidance on the meaning of Rule 24's requirement that "existing parties adequately represent that interest." *Barnes v. Sec. Life of Denver Ins. Co.*, 953 F.3d 704, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 24(a)(2)). Judge Hartz noted that "[t]he professor who was the Reporter for the Civil Rules Committee when it submitted the present version of Rule 24(a) has written in terms of 'thrash[ing] out' whether representation would be adequate in the particular case." *Id*. at 706 (brackets in original) (citation omitted). Judges Tymkovich, Eid, and Carson joined Judge Hartz in his dissent from denial of en banc review in *Barnes*. *Id*. Indeed, just how much "thrashing out" constitutes

adequate representation continues to cause consternation among judges in the Tenth Circuit, which means that district courts also continue to flounder on the question.

Thus, *Barnes* illustrates that Rule 24 still often confounds the Court, especially relating to Rule 24(a)(2)'s meaning of adequate representation, which is squarely at issue in this case. Thus, this case presents an issue of exceptional importance and squarely presents numerous contested intervention issues in one comprehensive setting that will allow this Court to provide needed guidance to the district courts. En banc review would aid in the Court's effort to continue to develop this Court's analysis of adequate representation under Rule 24(a)(2)—an issue of exceptional importance in this Circuit's intervention jurisprudence.

### C. This Case Also Involves Questions of Standing and Other Issues of Exceptional Importance.

This case also presents questions of standing and other issues of exceptional importance ripe for en banc review. In his dissent in *Kane County (1)*, Judge Tymkovich succinctly laid out the important issues relating to Article III and prudential standing that have yet to be resolved in this Circuit. *See Kane Cnty. (1)*, 928 F.3d at 897 (Tymkovich,

C.J., dissenting). In sum, SUWA lacks prudential or third-party standing here because it admitted that it seeks the same relief as the United States (SUWA Br. at 16) and therefore asserts no legal rights of its own. *See Kowalski v. Tesmer,* 543 U.S. 125, 129, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) ("[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The Court's intervention cases do not consistently address standing issues, nor do they consistently decide standing issues. Yet as a jurisdictional bar, standing should be of exceptional importance.

Finally, the district court will someday decide whether the United States, on the one hand, or the State and County, on the other, have owned ***title*** to public highway rights-of-way since 1976. The underlying lawsuit, narrowly pleaded under the federal Quiet Title Act, 28 U.S.C. § 2409a, will do nothing more than confirm an existing title. Yet SUWA asks that it be allowed to "intervene as of right in this case, as to both scope and title." (SUWA Br. at 2.) But in *Kane County (1)*, the Court held that intervention was necessary because SUWA's interests *in scope* were separate and distinct from the United States' interests. *See Kane*

*Cnty. (1)*, 928 F.3d at 889. In other words, SUWA seeks to manipulate an intervention decision limited solely to scope and apply it to every case relating to scope *and* title going forward.

Federal Rule of Civil Procedure 1 requires the "just, speedy, and inexpensive determination of every action and proceeding," which is all but impossible with SUWA as an intervenor in every roads case going forward. SUWA's role in the roads cases is indeed of "exceptional importance," and worthy of en banc review here.

Despite several adverse intervention decisions, SUWA continues to drain the Court's and the parties' resources by repetitive motions to intervene. In fact, even as a *limited permissive* intervenor, SUWA's overly aggressive litigation tactics—attempting to show that it could litigate more than the actual parties—disrupted the proceedings.

SUWA has no title at issue in the lawsuit and any interest it might claim in the proceedings is not a legal interest but a philosophical one that cannot be adjudicated by the district court. SUWA is a stranger to title with "no legal interest at issue in the dispute." *Kane Cnty. v. United States*, 950 F.3d 1323, 1330 (10th Cir. 2020) (Tymkovich, J., dissenting). In light of the exorbitant resources

expended and the extensive delays caused by SUWA's intervention efforts, its participation should be heavily scrutinized and is an issue of "exceptional importance" for those reasons alone.

## III. CONCLUSION

For all of the foregoing reasons, the Court should grant the Petition for initial en banc review.

RESPECTFULLY SUBMITTED this 3rd day of February 2023.

HOLLAND & HART LLP

*/s/ Michelle Quist*
Shawn T. Welch (U.S.B. # 7113)
Michelle Quist (U.S.B. # 13559)

*Attorneys for Appellee Kane County, Utah*

*/s/ Anthony L. Rampton**
Anthony L. Rampton
Kathy A. F. Davis
K. Tess Davis

*Attorneys for Appellee State of Utah*
**Signed with permission given to filing counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with the requirements of Fed. R. App. P. 27 (d)(1)(E) because it has been prepared in 14-point Schoolbook Century font, a proportionally spaced font.

I further certify that this petition complies with the type limitation of Fed. R. App. P. 35(b)(2)(A) because it contains 2,486 words, excluding the parts of the response exempted under Rule 32 (f).

DATED February 3, 2023

*/s/ Michelle Quist*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to this filing:

(1) all required privacy redactions have been made as required by 10th Cir. R. 25 (a)(5); and

(2) the digital submissions have been scanned for viruses with the most recent version of Microsoft Defender (version 1.375.1560.0), and according to the program are free of viruses.

DATED February 3, 2023

*/s/ Michelle Quist*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit via the appellate CM/ECF system.

The parties are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Michelle Quist*

20191120_v2